■ UNION CARBIDE CORPORATION, Respondent, v OGDEN ALLIED EASTERN STATES MAINTENANCE CORPORATION, Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered January 16, 1992, which granted plaintiff's motion for summary judgment on the issue of defendant's liability to indemnify plaintiff for its attorneys' fees incurred in another action, referred the issue of the reasonable value of such attorneys' services to a Special Referee to hear and report with recommendations, and denied defendant's cross-motion to dismiss the complaint as barred by the Statute of Limitations and the doctrine of res judicata, unanimously affirmed, with costs.

The determination denying plaintiff leave to amend its third party complaint in the prior action did not purport to reach the merits of plaintiff's claim for attorneys' fees under the indemnity agreement now at issue, and is accordingly not res judicata as to the present action. The cause of action asserted is one for indemnity, arising out of a contractual duty imposed on defendant to reimburse the cost of plaintiff's legal defense —not to furnish a defense *ab initio*. Under these circumstances, no reason appears to depart from the rule that a cause of action for indemnity accrues upon payment. "[S]ince the cause of action is not complete until loss is suffered, familiar Statute of Limitations principles dictate that accrual occurs upon payment by the party seeking indemnity." *(McDermott v City of New York*, 50 NY2d 211, 217 [citations omitted].) Defendant has failed to establish that more than six years have elapsed since the payment of counsel fees. We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.